UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

RONALD AIKEN,

Defendant.

Criminal Action No. 25-179 (JEB)

## FINAL JURY INSTRUCTIONS

Ladies and gentlemen, the time has now come when all of the evidence is in. It is now up to me to instruct you on the law. Before we talk about the specific charge alleged here and some of the specific issues in this case, I want to take a few moments to talk about some general rules of law. Some of these will repeat what I told you in my preliminary instructions.

### Function of the Court

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

### Function of the Jury

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

**Jury's Recollection Controls**

If any reference by the court or the attorneys to evidence does not coincide with your own recollection of the evidence, it is your recollection that should control during your deliberations.

**Considering the Evidence in the Case**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case was the sworn testimony of the witnesses, the stipulations agreed to by the parties, and the exhibits that were admitted into evidence. As I told you, you should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.

**Direct and Circumstantial Evidence**

There are two types of evidence from which you may determine what the facts are in this case – direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

## Specialized Opinion Testimony

Ordinarily, a witness may not testify as to her opinions or conclusions. There is an exception for expert witnesses, who are allowed to give opinions, and the reasons for them, because they have become expert in some art, science, profession, or calling.

In this case, Mark Tourre has testified as an expert concerning forensic DNA analysis. You are not bound by an expert's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. You should consider this evidence with all the other evidence in the case and give it as much weight as you think it fairly deserves.

**Redacted Exhibits**

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only portions of an exhibit were admitted, such as portions of a longer video, a document with some words or pictures blacked out or otherwise removed, or a video played without audio. There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy. As you examine the exhibits, and you see or hear portions where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out or why, and you should not hold it against either party. You are to decide the facts only from the evidence that is before you.

**Statements of Counsel – Not Evidence**

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence.

**Inadmissible and Stricken Evidence**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party s/he represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. Likewise, exhibits

as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

**Indictment Not Evidence**

In my instructions to you at the beginning of trial, I summarized to you the charge made against the defendant from a document called an Indictment. The Indictment is not evidence; it is merely the formal way of accusing a person of a crime to bring him to trial. You must not consider the indictment as evidence of any kind – you may not consider it as evidence of the defendant's guilt or draw any inference of guilt from it.

**Burden of Proof – Presumption of Innocence**

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require the defendant to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, it is your duty to find him guilty. On the other hand, if you find the government has failed to prove any element of that offense beyond a reasonable doubt, you must find him not guilty.

**Reasonable Doubt – Defined**

The government has the burden of proving the defendant guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason – a doubt for which you have a reason based upon the evidence

or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

**Credibility of Witnesses**

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

As I instructed you at the beginning of trial and again just now, you should evaluate the credibility of witnesses free from prejudices and biases.

You may consider anything else that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; whether the

witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness. You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**Police Officer's Testimony**

A police officer's testimony should be considered by you just as any other evidence in the case. In evaluating the officer's credibility you should use the same guidelines that you apply to

the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he is a police officer.

**Nature of Charge Not to be Considered**

One of the questions you were asked when we were selecting this jury was whether the nature of the charge would affect your ability to render a fair and impartial verdict. There was a reason for that question. You must not allow the nature of the charge itself to affect your verdict. You must consider only the evidence that has been presented in this case in rendering a fair and impartial verdict.

**Right of Defendant Not to Testify**

Every defendant in a criminal case has an absolute right not to testify. Mr. Aiken has chosen to exercise this right. You must not hold this decision against him. There are many reasons entirely consistent with innocence for which a person may decide not to testify. It would be improper for you to speculate as to the reason or reasons for his decision, and you must not draw any inference of guilt from it.

**Possession of a Firearm and Ammunition by a Person Previously Convicted of a Crime for which the Penalty was Greater than One Year**

The defendant is charged with one count of Possession of a Firearm and Ammunition by a Person Previously Convicted of a Crime for which the Penalty was Greater than One Year. The elements that the government must prove beyond a reasonable doubt are:

1. The defendant possessed a firearm or ammunition on or about June 10, 2025;
2. He did so voluntarily and on purpose and not by mistake or accident;

3. On June 10, 2025, he was aware that he had been convicted of a crime for which the penalty was greater than one year; and

4. On June 10, 2025, the firearm and ammunition had traveled in interstate commerce.

The parties have stipulated that elements 3 and 4 have been satisfied here. You must thus decide whether the government has proved elements 1 and 2. In order to convict the Defendant, you must unanimously agree that he possessed the ammunition in the backpack, or unanimously agree that he possessed the gun or ammunition in the trunk, or both.

You have heard evidence that, prior to June 10, 2025, Ronald Aiken committed the offense of illegally possessing a firearm. It is up to you to decide whether to accept that evidence.

If you find that Mr. Aiken committed the offense of illegal possession of a firearm on September 18, 2020, you may use this evidence only for the limited purpose of deciding/determining whether the government has proved beyond a reasonable doubt that, on or about June 10, 2025, the defendant intended to possess a firearm or acted knowingly and on purpose, and not by mistake or by accident.

You may not use this evidence for any other purpose. Mr. Aiken is only on trial for the crime charged. You may not use this evidence to conclude that he has a bad character, or that Mr. Aiken has a criminal personality. The law does not allow you to convict Mr. Aiken simply because you believe he may have done bad things not specifically charged as crimes in this case.

**Possession-- Defined**

Possession means to have physical possession or to otherwise exercise control over tangible property. A person may possess property in either of two ways. First, the person may have physical possession of it by holding it in his or her hand or by carrying it in or on his or her body or person. This is called "actual possession." Second, a person may exercise control over

property not in his or her physical possession if that person has both the power and the intent at a given time to control the property. This is called "constructive possession." When evaluating whether the defendant had such dominion and control over the gun and ammunition, the essential question is whether there is some action, some word, or some conduct that links the individual to the items and indicates that he had some stake in them, some power over them. In other words, the Government's case must rest on something more than the defendant's mere presence at the scene of a criminal transaction. However, proximity plus another factor may well be enough to prove that the defendant exercised dominion and control over the items. To prove possession by the defendant in this case, the government must prove beyond a reasonable doubt that he had either actual or constructive possession of the item at issue.

**Defendant's Theory of the Case**

Mr. Aiken's theory of the case is that he did not know there was a firearm hidden between the back seat cushions of his vehicle. And any of his DNA that may have been found on the firearm was transferred there by either of the officers who touched him and then the firearm, or from the officer touching various places in the car where Mr. Aiken sat or touched, and then touching the firearm.

**Possible Punishment Not Relevant**

The question of possible punishment of the defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

[ATTORNEYS WILL NOW GIVE CLOSING ARGUMENTS]

Before I excuse you to deliberate, I want to discuss a few final matters with you:

**Selection of Foreperson**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission – to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**Cautionary Instruction on Communication and Research**

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging or posting on social media about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

**Communications Between Court and Jury During Jury's Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note via the deputy, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will

never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person – not the clerk or me – how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter – for example, 6-6 or 11-1 – or in any other fashion, or whether the vote favors the government, the defendant, or is on any other issue in the case.

**Jurors' Duty to Deliberate**

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement. You must decide the case for yourself but you should do so only after thoroughly discussing it with your fellow jurors. You should not hesitate to change an opinion when convinced that it is wrong. You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own. You should reach an agreement only if you can do so in good conscience. In other words, you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

**Attitude and Conduct of Jurors in Deliberations**

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the

case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

**Unanimity of Verdict**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdicts must be unanimous.

**Exhibits During Deliberations**

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict. In addition, the gun, ammunition, and swabs will not be immediately sent back to you. If you wish to examine them, simply send me a note, and I will have a marshal bring them back. He will remain with them as you inspect them, so do not deliberate in his presence. He will then remove the items until you wish to see them again.

**Furnishing the Jury With a Copy of the Instructions**

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note.

**Delivering the Verdict**

When you have reached your verdict, just send me a note telling me you have reached your verdict, and have your foreperson sign the note. Do not tell me what your verdict is. The

foreperson should fill out and sign the verdict form that will be provided. We will then call you into the courtroom and ask you to give your verdict in open court.

**Excuse Alternate Jurors**

Before you retire to begin your deliberations, you will recall that at the beginning of the case I told you that those jurors who were randomly selected as alternates would not participate in the jury's deliberations. At this time, I must extend my thanks to jurors in seats 13 and 14. They are the alternate jurors in this case. Although they have served as conscientiously as all of you have, I am required to excuse them before the beginning of deliberations. You may pick up any belongings you have left in the jury room and return to the jury lounge to be excused.

Thank you. You may now retire to begin your deliberations.